UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMALENE P. SLENTZ,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,
_____/

Case No.  1:16-CV-278

HON. PAUL L. MALONEY

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff Carmalene Slentz seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

### STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was fifty-four years of age on the date of the ALJ's decision. (PageID.45, 67.) She completed highschool, obtained an associate's degree in accounting and business, and was previously employed as a purchasing clerk, accounts clerk, and material handler. (PageID.92.) Plaintiff applied for benefits on July 15, 2013, alleging that she had been disabled since August 17, 2011, due to lower back pain with right-sided radiculopathy, right ankle pain s/p surgery, and degenerative disc disease of the lumbar spine with radiculopathy. (PageID.97.) Plaintiff's application was denied on December 4, 2013, after which time she sought a hearing before an ALJ. (PageID.112–124.) On December 17, 2014, Plaintiff appeared with her counsel before ALJ Donna

Grit for an administrative hearing at which both Plaintiff and a vocational expert (VE) testified. (PageID.63–95.) On January 30, 2015, the ALJ issued her written decision, concluding that Plaintiff was not disabled. (PageID.45–62.) On January 19, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.35–40.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four.

---

[1] 
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

*Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ determined Plaintiff's claim failed at step four. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 17, 2011. (PageID.50.) At step two, the ALJ found that Plaintiff suffered from the following severe impairments: (1) residuals of a healed fracture of the right ankle including degenerative changes; (2) obesity; (3) osteoarthritis of the right hip; (4) degenerative disc disease of the thoracic and lumbar spine with sacroillitis; and (5) plantar fasciitis. (PageID.50.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (PageID.51.) At step four, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform a limited range of sedentary work as defined in 20 CFR 404.1567(a): she cannot lift and/or carry more than 15 pounds occasionally and 10 pounds frequently; she cannot stand and/or walk for more than a total of four hours in an eight-hour workday; and she cannot sit for more than a total of eight hours in an eight-hour workday. She also cannot climb ladders, ropes, or scaffolds; she cannot climb stairs/ramps more than occasionally and requires a handrail; she cannot balance, stoop, kneel, crouch, or crawl, or use foot pedals more than occasionally; and she cannot work at unprotected heights or around dangerous moving machinery.

(PageID.51–52.) Continuing with the fourth step, the ALJ posed the above RFC in a hypothetical question to the VE.[2] In response to the ALJ's questioning, the VE testified that Plaintiff was able

---

[2] Vocational expert testimony is not required at step four of the sequential analysis. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 544–45 (6th Cir. 2007); *see also* 20 C.F.R. § 404.1560(b)(2). However, the ALJ may use a

to return to her past relevant work as an accounting clerk and purchasing clerk as they were usually performed. (PageID.92–93.) Relying on the VE's testimony, the ALJ determined that Plaintiff was capable of returning to her past relevant as they were generally performed. (PageID.57.) Having made her determination at step four, the ALJ completed the analysis and entered a decision finding Plaintiff was not under a disability from her alleged onset date through January 30, 2015, the date of decision. (PageID.58.)

## DISCUSSION

### 1. The ALJ's Analysis of the Opinion Evidence.

On May 16, 2013, Dr. Ramin Rahimi completed a two page worksheet containing his opinions regarding Plaintiff's limitations. Among other things, Dr. Rahimi indicated that Plaintiff was only able to sit, stand, or walk each for thirty minutes without interruption. (PageID.242.) She could only sit and stand / walk each for a total of two hours in an eight hour workday. (PageID.242.) Plaintiff further would need an at will sit/stand opinion, could only occasionally lift and carry ten pound weights, never stoop, squat, crouch, or crawl, and could only rarely climb ramps or stairs. Dr. Rahimi further indicated that Plaintiff's pain would constantly interfere with her attention and concentration, and she would need to take unscheduled breaks every thirty minutes for a period of ten to fifteen minutes. (PageID.243.) Finally, Dr. Rahimi indicated that Plaintiff would likely have both good and bad days, and were she to work, she could be expected to miss more than four days of work per month. (PageID.243.) This opinion was restated in narrative form on December 10,

---

vocational expert's services in determining whether a claimant can perform her past relevant work. 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy."). It is common practice for an ALJ to rely upon a VE's testimony at step four of the sequential analysis. *See, e.g.*, *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002).

2014.  (PageID.539.)

Throughout 2014, Dr. Rahimi also had provided several opinions indicating that Plaintiff was unable to work for certain periods.  (PageID.510, 512, 514, 516, 518, 520.)  On December 2014, Dr. Rahimi indicated that Plaintiff was unable to work from June 5, 2014, through a date to be determined.  (PageID.510.)  The ALJ accorded only "little weight" to Dr. Rahimi's opinions.  Plaintiff claims the ALJ erred in doing so.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition.  *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record."  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).  It is undisputed that Dr. Rahimi qualifies as a treating physician.

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data."  *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)).  The ALJ may reject the opinion of a treating physician where it is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence.  *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ

must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

The ALJ first found that the doctor's opinions were not supported by his treatment notes. In support of his opinion, Dr. Rahimi noted that an MRI of Plaintiff's lumbar spine found degenerative disc disease at L3-L4 and L5-S1. Plaintiff also had decreased range of motion, lower back pain, and radiculopathy, and an EMG found lumbosacral radiculopathy from L5-S1. (PageID.242.) While the March 26, 2012, MRI of Plaintiff's lumbar spine did reveal degenerative disc disease, the scans revealed a "mild disc bulge without focal disc herniation, central spinal canal or foraminal stenosis" at L3-L4. (PageID.255.) At L5-S1, the disc space was well maintained. There was a small central-right paracentral disc protrusion which did not clearly abut up against the traversing S1 nerve root. (PageID.255.) There was "no clear evidence or nerve root displacement." (PageID.255.) The ALJ did not err in finding such to be inconsistent with the severity of Plaintiff's limitations. Other treatment notes similarly do not support the doctor's conclusion. On June 3, 2014, Dr. Rahimi found that Plaintiff had "90% improvement after the last set of interventional procedures. Function is responding with multidisciplinary approach towards treatment."

(PageID.394.)  At a December 4, 2014, visit with Dr. Rahimi, Plaintiff had no pain when rotating her hips.  There was no instability.  (PageID.523.) Regarding Dr. Rahimi's opinion regarding Plaintiff's concentration limits, the ALJ found such to be inconsistent with a September 16, 2013, treatment note that found Plaintiff had a "normal level of consciousness, orientation, judgment and insight, memory, mood and affect, language, fund of knowledge and capacity for sustained mental activity." (PageID.353.)  The ALJ's conclusion that Dr. Rahimi's opinion is unsupported by his treatment notes is, therefore, supported by substantial evidence.

       The ALJ also found that the opinion was contrary to the findings of Dr. Scott Lazzara, M.D.  Dr. Lazzara found Plaintiff had an intact memory and normal concentration.  (PageID.362.) While he found that Plaintiff had tenderness over the facet joints on the right side of the lumbar spine, he did not note any radicular symptoms.  (PageID.365.)  Similarly, when examined by Dr. Grant Hyatt, an orthopaedic surgeon, the doctor found that though Plaintiff had a slight antalgic gait, Plaintiff was able to sit, stand, and move about the examining room without difficulty. (PageID.449.) The ALJ properly concluded, therefore, that Dr. Rahimi's opinions did not enjoy support by the record evidence.

       In sum, the ALJ provided several good reasons, supported by substantial evidence, for assigning only little weight to Dr. Rahimi's opinion.  Plaintiff, however, makes two additional points.  She argues that the ALJ's decision failed to discuss the majority of Dr. Rahimi's opinion and "blanket cites" to the record with no specific reasoning.  (PageID.563.)  Both arguments result from a too narrow reading of the ALJ's opinion.  When read as a whole, it is clear the ALJ evaluated the entirety of Dr. Rahimi's opinion.  The ALJ specifically cited to the three exhibits containing all Dr. Rahimi's opinions.  (PageID.56.)  Elsewhere, the ALJ cited to specific pages of the record in finding

that Dr. Rahimi's opinion regarding Plaintiff's ability to concentrate was unsupported by the record. (PageID.51.) And the ALJ again did so in evaluating Plaintiff's complaints of back pain, from which most of Dr. Rahimi's limitations flowed. (PageID.54–55.)

This claim of error is denied.

### 2. The ALJ's Step Three Determination.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. (PageID.51.) In doing so, the ALJ stated she adopted the opinion of the agency consultant, who had found Plaintiff's impairments did not equal the severity requirement of any listed impairment. (PageID.51.) Plaintiff notes, however, that the supposed consultant was not a physician or acceptable source, but rather a single decision maker (SDM) who is a non-acceptable source, and argues this error "taints" the ALJ's decision.[3] (PageID.562.) The Commissioner agrees the ALJ erred, but argues the error is harmless. (PageID.574–575.) The Court agrees with the Commissioner.

The Sixth Circuit has found a harmless error standard applies when a plaintiff fails to demonstrate her impairments meet or medically equal in severity any listed impairment. *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014). Here Plaintiff claims that she presented evidence demonstrating equivalence under Listings 1.02 and 1.04. (PageID.584.) Plaintiff refers to the reasons offered by Dr. Rahimi in support of his opinion as evidence she equals the

---

[3]The SDM model was designed to streamline administrative review of disability claims. Under this model, the single decisionmaker assumes primary responsibility for processing the claimant's application for disability, including making the initial disability determination. The process is further streamlined in that a claimant who disagrees with the initial determination is permitted to skip the reconsideration level of the administrative review process and immediately request a hearing before an ALJ. 20 C.F.R. § 404.906; *see White v. Comm'r of Soc. Sec.*, No. 12–cv–12833, 2013 WL 4414727, at *8 (E.D. Mich. Aug. 14, 2013).

listings. (PageID.585.) This is not enough. "To demonstrate [equivalence], the claimant must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 854 (6th Cir. 2011) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original)); *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") (citing *Evans v. Sec'y of Health & Human Servs.*, 835 F.2d 161, 164 (6th Cir.1987)). Other than citing to Dr. Rahmi's opinions, Plaintiff puts forth no effort demonstrating that she equals the requirements of either Listing 1.02 or Listing 1.04. Dr. Rahimi did not argue that Plaintiff equaled any listed impairment, and the records depended on by Dr. Rahimi do not support a conclusion that Plaintiff meets or equals any listing. Dr. Rahimi did not indicate that Plaintiff was unable to ambulate effectively or perform fine or gross movements effectively (Listing 1.02). And the MRI did not find nerve root compression. (Listing 1.04). Plaintiff makes no argument, and cannot demonstrate, that these records indicate her impairments equal the severity of the listings. Accordingly, the Court finds remand is not appropriate. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535–36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

Accordingly, this claim of error is rejected.

## CONCLUSION

For the reasons articulated herein, the Commissioner's decision will be **AFFIRMED.**

A separate judgment shall issue.


Dated: November 29, 2016                               /s/ Paul L. Maloney
                                                                          PAUL L. MALONEY
                                                                          United States District Judge